IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOR IAN GENSINGER,
Inmate No. B06472,
    Plaintiff,

vs.                                     Case No.: 3:18cv2202/RV/EMT

M. LOWERY, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, against officials at Santa Rosa Correctional Institution, Annex, where he was previously confined (ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 5). Now before the court is Plaintiff's "Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction" (ECF No. 3).

In the underlying complaint, Plaintiff alleges that on August 2, 2018, he was beaten by Defendants M. Lowery and M. Harris while handcuffed (ECF No. 1 at 5–6). He claims he lost consciousness, his eye was split open and "swole [sic] shut," and that he had to be treated by medical personnel (*id*.).

Plaintiff claims he detailed the incident of August 2 in several grievances, but obtained no relief (ECF No. 1 at 6–6(a)).  Plaintiff complains he was then retaliated against, specifically, by being "denied showers and meals" by certain officers including Defendant Harris (*id*.).  Additionally, Plaintiff states he was given two "D.R.'s" on August 7, 2018, for "spoken threats" and "unauthorized use of drugs" by Officer Blum (who is not a named Defendant) "to cover up the assault/beating [he] took" (*id*.).  Plaintiff also claims Defendant Lowery put a "hit out on [him]" with a reward of five packs of cigarettes to whoever "stabbed" him upon his release from confinement (*id*.).  Plaintiff further alleges that Defendant Clemmons became "pissed off" about Plaintiff filing an additional, separate lawsuit, and advised Plaintiff to drop the suits and grievances or "deal with the consequences when they come" (*id*.).

In the instant motion Plaintiff reiterates many of the facts of the underlying complaint (ECF No. 3 at 1–3).  As relief, he seeks an order granting his motion for temporary retraining order, entering a preliminary injunction against the three named Defendants, and ordering that the FDOC transfer Plaintiff to another region in order to stop the retaliation and abuse from other officers who are friends and family of the named Defendants (*id*. at 4).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).  The grant or denial of preliminary injunctive relief rests in the discretion of the district court.  See Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

See CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Imp., Ltd., 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broad., Inc., 265 F.3d at 1200 (citation omitted).  Because the purpose of preliminary

injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab., 72 F.3d 842, 842–43 (11th Cir. 1995).

Here, Plaintiff's request fails to show a substantial threat that he will suffer irreparable injury if the injunction is not granted. Since the filing of the initial complaint, but prior to the filing of this motion, the Plaintiff was transferred from Santa Rosa Annex to Walton C.I.[1] The underlying complaint involves allegations stemming from an incident that occurred at Santa Rosa Annex, and subsequent threats that occurred at the same facility. Further, the complaint names only Defendants who are employed at Santa Rosa Annex. The Court may only grant injunctive relief against named parties, and because Plaintiff is no longer housed at the institution where the named parties are employed and where the events described in the

---

[1] According to the Florida Department of Corrections Offender Database, Plaintiff is currently confined at Walton C.I.. *See* Florida Department of Corrections, Corrections Offender Network http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited Dec. 26, 2018); *see also* ECF No. 3 at 1, 4).

Case No. 3:18cv2202/RV/EMT

complaint occurred, he has failed to show a substantial threat that he will suffer irreparable injury if the injunction is not granted. Therefore, Plaintiff's motion should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction (ECF No. 3) be **DENIED**.

At Pensacola, Florida, this 28th day of December 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**